[Cite as *State v. Blackburn*, 2009-Ohio-5902.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 5-09-18

    v.

FANTAZIA BLACKBURN,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2008-CR-287

**Judgment Affirmed**

**Date of Decision:  November 9, 2009**

APPEARANCES:

    *Neil S. McElroy* **for Appellant**

    *Drew A. Wortman* **for Appellee**

**WILLAMOWSKI, J.,**

{¶1} Defendant-Appellant, Fantazia K. Blackburn, ("Blackburn") appeals the judgment of the Hancock County Court of Common Pleas imposing consecutive sentences for her felony drug trafficking convictions. Blackburn contends that, based upon a recent ruling by the United States Supreme Court, the trial court should have made findings justifying the imposition of consecutive sentences. For the reasons set forth below, the judgment of the trial court is affirmed.

{¶2} On March 19, 2009, Blackburn appeared in court and entered guilty pleas to five counts of drug trafficking: Count 1 – trafficking in marijuana (5th degree felony); Counts 2 and 4 – aggravated trafficking in drugs (2nd degree felonies); Counts 3 and 5 – aggravated trafficking in drugs (1st degree felonies).

{¶3} On May 7, 2009, Blackburn was sentenced to eleven months in prison for count one, six years in prison for each of counts two through four, and eight years in prison for count five. The court ordered the first four counts to be served concurrently with one another and consecutively to the sentence in count five, for an aggregate sentence of fourteen years. The trial court did not state any specific findings for the imposition of consecutive sentences.

{¶4} It is from this sentence that Blackburn appeals, raising the following assignment of error.

**The trial court erred when it ordered sentences to be served consecutively without making the findings required by *State v. Comer* which are required again in light of the recent United States Supreme Court ruling in *Oregon v. Ice.***

{¶5} Blackburn argues that in light of the United States Supreme Court's decision in *Oregon v. Ice* (2009), --- U.S. ---, 129 S.Ct. 711, 172 L.Ed.2d 517, Ohio trial courts must return to the felony sentencing statutory requirements that was in effect prior to the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 855 N.E.2d 470, 2006-Ohio-856. Specifically, Blackburn maintains that the decision in *Ice* means that judges must again make certain findings on the record before imposing consecutive sentences. Blackburn asks that her case be remanded to the trial court for re-sentencing so that appropriate findings can be made a part of the record.

{¶6} Prior to the Ohio Supreme Court's decision in *State v. Foster*, Ohio courts were required to make statutorily enumerated findings supporting consecutive sentences and give reasons supporting those findings at the sentencing hearing. *State v. Comer*, 99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165, paragraph one of the syllabus; R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). In *Foster*, the Ohio Supreme Court held that the statutes which required judicial fact-finding before the imposition of consecutive sentences were unconstitutional violations of the Sixth Amendment under *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, and *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct.

2348. *Foster*, supra. A*s* a result, the Ohio Supreme Court severed those provisions from Ohio's sentencing framework and held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster*, at ¶100.

{¶7} Earlier this year, the United States Supreme Court examined an Oregon statute,[1] similar to Ohio's R.C. 2929.14, which required judges to find certain facts before imposing consecutive rather than concurrent sentences. *Oregon v. Ice*, supra; *State v. Eatmon*, 8th Dist. No. 92048, 2009-Ohio-4564, ¶23. In *Ice*, the Supreme Court upheld the constitutionality of Oregon's statute and did not find that it violated the Sixth Amendment concerns set forth in *Apprendi* and *Blakely*. 129 S.Ct. at 719. The United States Supreme Court held that, in light of historical practices and the right of states to administer their criminal justice systems, the Sixth Amendment did not prevent states from allowing judges, rather than juries, to make any finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences. Id, at.716-720.

{¶8} In light of the decision in *Oregon v. Ice*, Blackburn argues that the severed portion of the Ohio statute (that required judicial fact-finding for the imposition of consecutive sentences) is not unconstitutional. Therefore, she maintains that the severance performed by *Foster* was inappropriate judicial

---

[1] Specifically, the Oregon statute "provided that sentences shall run concurrently unless the judge finds statutorily described facts." *Ice* at 715, citing Ore.Rev.Stat. §137.123(1) (2007).

rewriting of the statute and that the prior statutory requirement of judicial fact-finding must be "resurrected."

{¶9} Several Ohio appellate courts have already addressed this issue and noted that the United States Supreme Court did not expressly overrule *Foster* in the *Ice* decision. See, e.g., *State v. Lewis*, 12th Dist. No. CA2009-02-012, CA2009-02-016, 2009-Ohio-4684, ¶10. While a re-examination of Ohio's sentencing statutes might be appropriate considering the decision in *Ice*, such a review can only be performed by the Ohio Supreme court. See *State v. Crosky*, 10th Dist. No. 90AP-57, 2009-Ohio-4216, ¶7; *State v. Miller*, Lucas App. No. L-08-1314, 2009-Ohio-3908, ¶18. We are bound to follow the law and decisions of the Supreme Court, unless or until they are reversed or overruled. *State v. Mickens*, 10th Dist. No. 08AP-743, 2009-Ohio-2554. The Ohio Supreme Court has not reconsidered *Foster* in light of *Ice*, and therefore, *Foster* remains binding on this Court. *State v. Franklin*, 10th Dist. No. 08AP-900, 2009-Ohio-2664, ¶18.

{¶10} Recently, in *State v. Elmore*, 122 Ohio St.3d 472, 912 N.E.2d 582, 2009-Ohio-3478, the Ohio Supreme Court briefly discussed *Ice,* although it did not fully address all the ramifications of *Ice* because neither party had briefed the issue before oral argument. In its affirmance of the trial court's authority to impose consecutive sentences on the defendant, the Ohio Supreme Court stated that "*Foster* did not prevent the trial court from imposing consecutive sentences; it merely took away a judge's duty to make findings before doing so." Id. at ¶36.

Case No. 5-09-18

Although the Court has not yet fully analyzed the implications of *Ice* relative to *Foster*, it appears to continue to follow the principles set forth in *Foster*. See *Crosky*, 2009-Ohio-4216, at ¶8.

{¶11} Until the Ohio Supreme Court states otherwise, *Foster* remains binding. The trial court had full discretion to impose a prison sentence within the statutory range and it did not err when it ordered consecutive sentences without articulating any judicial fact-finding. Blackburn's assignment of error is overruled.

*Judgment affirmed*

**PRESTON, P.J., and ROGERS, J., concurs.**

**/jnc**