[Cite as *State v. Stone*, 2012-Ohio-1895.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 9-11-39

    v.

MARLIN EUGENE STONE, JR.,          **O P I N I O N**

    DEFENDANT-APPELLANT.


Appeal from Marion County Common Pleas Court
Trial Court No. 10-CR-534

Judgment Affirmed

Date of Decision: April 30, 2012


APPEARANCES:

    *Kevin P. Collins*   for Appellant

    *Brent W. Yager and Gregory A. Perry*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Marlin E. Stone, Jr. ("Stone"), appeals the Marion County Court of Common Pleas' sentence of 30 years to life imprisonment following his plea of guilty to aggravated murder, aggravated robbery, and burglary. For the reasons that follow, we affirm.

{¶2} On October 28, 2010, a Marion County Grand Jury jointly indicted Stone and Vanessa Manley ("Manley") on two counts of aggravated murder in violation of R.C. 2903.01(A), felonies of the first degree (Counts One and Two); two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree (Counts Three and Four); two counts of robbery in violation of R.C. 2911.02(A)(2), felonies of the second degree (Counts Five and Six); two counts of aggravated burglary in violation of R.C. 2911.11(A)(1), felonies of the first degree (Counts Seven and Eight); one count of burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree (Count Nine); four counts of tampering with evidence in violation of R.C. 2921.12(A)(1), felonies of the third degree (Counts Ten, Eleven, Twelve, and Thirteen); and one count of obstructing justice in violation of R.C. 2921.32(A)(4), a felony of the third degree (Count Fourteen). (Doc. No. 1). On December 13, 2010, Stone pleaded not guilty to all of the charges. (Doc. No. 26).

**{¶3}** On April 21, 2011, Stone filed a motion to sever Manley's trial from his trial. (Doc. No. 99). The trial court granted Stone's motion on June 2, 2011. (Doc. No. 131).

**{¶4}** On June 6, 2011, Stone entered guilty pleas to one count of aggravated murder (Count Two), one count of aggravated robbery (Count Three), and one count of burglary (Count Nine) pursuant to a plea agreement. (Doc. No. 134). According to the plea agreement, the State would dismiss the remaining charges and recommend a sentence of 25 years to life imprisonment on the aggravated murder charge (Count Two), 6 years imprisonment on the aggravated robbery charge (Count Three), and 2 years imprisonment on the burglary charge (Count Nine). (Doc. No. 135). The State would recommend that Stone serve the aggravated murder and aggravated robbery sentences concurrently to each other but consecutively to the burglary sentence for a total of 27 years to life imprisonment. (*Id.*).

**{¶5}** On August 9, 2011, the trial court held a sentencing hearing. (Aug. 9, 2011 Tr. at 163). The trial court sentenced Stone to 25 years to life imprisonment for aggravated murder (Count Two), 5 years imprisonment for aggravated robbery (Count Three), and 5 years imprisonment for burglary (Count Nine). (Aug. 15, 2011 JE, Doc. No. 141). The trial court ordered Stone to serve the 5 years imprisonment for aggravated robbery concurrent to the 5 years imprisonment for

burglary, but consecutive to the 25 years to life imprisonment for aggravated murder, for a total sentence of 30 years to life imprisonment. (*Id.*).

{¶6} On September 12, 2011, Stone filed a notice of appeal. (Doc. No. 145). Stone raised two assignments of error for our review. Since the two assignments of error rely on the same issues of fact and law, we will address them together.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING ANY FINDINGS REQUIRED BY R.C. 2929.14(E)(4)**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY IMPOSING MORE THAN THE MINIMUM PRISON SENTENCE WITHOUT ADEQUATE JUSTIFICATION**

{¶7} In his assignments of error, Stone argues *State v. Foster*, where the Supreme Court of Ohio severed the portion of the sentencing statute requiring judicial fact-finding, should not apply in this case. 109 Ohio St.3d 1, 2006-Ohio-856. Stone contends that he waived his Sixth Amendment rights by pleading guilty to the charges, consequently *Foster* is inapplicable and the trial court was required to make judicial findings of fact. Alternatively, Stone argues his sentence

is contrary to law because the trial court imposed a sentence that was greater than the minimum possible sentence without justification.

{¶8} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist. 2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No.

Case No. 9-11-39

2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).[1]

{¶9} As a preliminary matter, we note that the General Assembly recently amended the sentencing statute (former R.C. 2929.14(E)(4)) and implemented new language requiring judicial fact-finding for consecutive sentences. Am.Sub.H.B. No. 86; *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28. The new statute went into effect on September 30, 2011. Am.Sub.H.B. No. 86. Stone was sentenced on August 15, 2011; consequently, the new legislation does not apply in this case.

{¶10} Prior to this new legislation, the Supreme Court of Ohio determined that the sentencing statute requiring judicial fact-finding prior to imposing consecutive sentences infringed on a defendant's Sixth Amendment right to a trial by jury. *Foster,* 2006-Ohio-856, at paragraph one of the syllabus. Following that decision, the United States Supreme Court determined that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711 (2009). The Supreme Court of Ohio then determined in

---

[1] This Court notes that the Ohio Supreme Court has released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. Although this Court used our precedential clear and convincing standard, affirmed and adopted by *Kalish*'s three dissenting Justices, we would have concluded that Stone's sentence was proper under the *Kalish* plurality's two-step approach as well.

*State v. Hodge* that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences. 128 Ohio St.3d 1, 2010-Ohio-6320.  However, the Supreme Court of Ohio determined the trial court was still required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *Foster* at ¶ 36-42.

{¶11} Stone argues that since he waived his Sixth Amendment rights by pleading guilty, *Foster* does not apply and the trial court erred by failing to make findings of fact when it imposed a consecutive sentence.  However, Stone does not cite any case law in support of his argument.  In fact, this Court has previously applied *Foster* in cases where the defendant had entered a guilty plea.  *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774; *State v. Blackburn*, 3d Dist. No. 5-09-18, 2009-Ohio-5902.  Consequently, the trial court was not required to make findings of fact when it imposed a consecutive sentence in the present case.  Furthermore, the trial court explicitly stated in its judgment entry that it had considered "the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and the appropriate factors under R.C. 2929.12." (Doc. No. 141).  The trial court thus complied with the sentencing requirements according to *Foster*.

{¶12} Stone also argues the trial court erred by imposing a sentence that was greater than the minimum possible sentence and greater than the sentence the State recommended. Stone contends that he was remorseful for his offense and presented evidence that he is rehabilitated. As a result, Stone argues the trial court erred by imposing a consecutive sentence. We disagree.

{¶13} At his sentencing hearing, Stone presented evidence that he had been abused as a child, had recently experienced some traumatic events at the time of his offense including the death of the grandmother who had helped raise him and a break up with his pregnant girlfriend, and was also addicted to drugs. (Aug. 9, 2011 Tr. at 168-224). Stone also presented witnesses who testified that Stone's actions in committing the offense were inconsistent with his character, that he was remorseful for what he had done, and had been rehabilitated while his case was pending. (*Id.*). However, we cannot find that the trial court erred in determining that, despite this evidence, the severity of Stone's offense merited more than the minimum possible sentence. Before Stone entered his guilty plea, the State informed the trial court that:

> If this matter proceeded to trial the State would prove that on October 11th, 2010 in Marion County, Ohio, that the Defendant, in concert with his co-Defendant Vanessa Manley, they went over to the residence- the home of Lee McGary, Jr. located at 381 ½ Pearl

Street- I'm sorry, Park Street in Marion, Ohio. They go over there with the purpose to rob him; to steal from him. They did by stealth and force enter into his home, and when they entered into his home again the purpose was to commit this theft offense. The Defendant took with him a large kitchen knife, and with that large kitchen knife he repeatedly stabbed the victim, Mr. McGary, and fatally wounded him causing his death. They stole approximately a hundred to $150 in U.S. currency, the wallet, cell phone, pocket knife, and DVD's from the victim, and then fled the scene. (June 3, 2011 Tr. at 157-158).

The autopsy report revealed that Stone stabbed Lee McGary ("McGary") nine times, including two fatal wounds to his neck. (PSI at 3). Stone also provided details about the incident in an interview with a probation officer on June 13, 2011. (*Id*. at 15- 17). Stone told the probation officer that the night before the offense, Manley and he planned to go to McGary's house, stab him, steal his money, and purchase drugs. (*Id*. at 15). Stone stated that Manley originally wanted to murder a woman she knew was coming back to Marion from working in Columbus and would have money. (*Id*.). Stone told Manley he would not murder a woman, so Manley suggested McGary. (*Id*.). On the day of the offense, Manley knocked on McGary's door. (*Id*.). When McGary opened the door, Manley

pushed it open and Stone ran into the house. (*Id.*). Stone stabbed McGary while Manley took McGary's money, cell phone, and pocket knife. (*Id.* at 15). Stone and Manley left and cleaned up at Stone's mother's house where they discovered the wallet only contained $150. (*Id.*). Stone and Manley immediately used the money to purchase crack cocaine. (*Id.*). In light of the seriousness of Stone's conduct, we cannot find that the trial court erred by imposing a sentence greater than the statutorily required minimum of 20 years to life imprisonment.

{¶14} Stone further argues that the trial court erred in imposing the sentence because it is greater than the sentence the State recommended. This argument is without merit. Trial courts may reject plea agreements and are not bound by a recommended sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. "The decision to accept or reject a plea bargain rests solely within the discretion of the trial court." *State v. Jefferson*, 5th Dist. No. 11 CAA 04 0033, 2012-Ohio-148, ¶ 50, citing *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436 (8th Dist.). Furthermore, the State informed Stone that the trial court was not bound by its recommendation, and the plea agreement included the potential sentences for each of the offenses. (Doc. No. 135). The plea agreement explicitly stated:

> [t]here is no commitment as to sentencing by the Court; however, the State will recommend the Defendant receive an indefinite term

of incarceration of 25 years to life on Count 2, a definite term of six (6) years as to Count 3, and a definite term of two (2) years as to Count 9, Count 2 and Count 3 to be served concurrently with one another, but consecutive to Count 9, for a total term of 27 years to life. (*Id.*).

Stone thus knew at the time that he entered into the plea agreement that he could potentially receive any sentence within the statutory range, including a sentence greater than 27 years to life imprisonment. (*Id.*). We cannot find that the trial court erred in imposing a consecutive sentence resulting in a total of 30 years to life imprisonment for Stone's aggravated murder, aggravated robbery, and burglary offenses given the gravity of these offenses.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J., concurs.**

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jlr**