[Cite as *State v. Jackson*, 2012-Ohio-5132.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 4-12-08

      v.

CYNTHIA I. JACKSON,              O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 4-12-09

      v.

CYNTHIA I. JACKSON,              O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Defiance County Common Pleas Court**
**Trial Court No. 10-CR-10908 and 08-CR-10243**

**Judgments Affirmed**

**Date of Decision: November 5, 2012**

Case No. 4-12-08, 4-12-09

**APPEARANCES:**

*Terice A. Warncke* **for Appellant**

*Morris J. Murray and Russell R. Herman* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Cynthia Jackson, appeals the Defiance County Court of Common Pleas' sentence of 39 months imprisonment following the revocation of her community control. Jackson argues the trial court violated Ohio felony sentencing statutes by sentencing her to community control and a prison term, and that the trial court failed to properly consider the purposes and principles for sentencing when it sentenced her to a prison term rather than residential substance abuse treatment. For the reasons that follow, we affirm.

{¶2} On June 6, 2008, a Defiance County grand jury indicted Jackson on one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2923.02 and 2925.041, a felony of the third degree. (Case No. 08 CR 10243, Doc. No. 1).

{¶3} On June 16, 2008, the trial court held an arraignment hearing. (Case No. 08 CR 10243, Doc. No. 8). Jackson entered a plea of not guilty to the charge. (*Id.*).

{¶4} On February 2, 2009, the trial court held a second hearing. (Case No. 08 CR 10243, Doc. No. 17). At that time, the State amended the indictment to charge Jackson with attempted illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the fourth degree. (*Id.*). Jackson did not object to the amendment and entered a plea of no contest to the offense. (*Id.*). The trial court ordered a presentence investigation and set the case for a sentencing hearing. (*Id.*).

{¶5} On March 23, 2009, the trial court held a sentencing hearing. (Case No. 08 CR 10243, Doc. No. 19). The trial court sentenced Jackson to three years of community control with a reserved sentence of 17 months imprisonment. (*Id.*).

{¶6} On February 24, 2010, the trial court held a hearing on the State's motion to revoke Jackson's community control after Jackson admitted to using methamphetamines. (Case No. 08 CR 10243, Doc. No. 21); (Feb. 24, 2010 Tr. at 7). Jackson waived her right to counsel and admitted she violated the conditions of her community control. (Case No. 08 CR 10243, Doc. No. 21). The trial court revoked Jackson's community control and imposed the previously reserved 17 months imprisonment. (*Id.*).

{¶7} On April 12, 2010, Jackson filed a motion for judicial release. (Case No. 08 CR 10243, Doc. No. 22). On May 27, 2010, the trial court held a hearing on Jackson's motion. (Case No. 08 CR 10243, Doc. No. 26). The trial court

granted Jackson judicial release, supervised Jackson's judicial release with community control sanctions for three years, and suspended the balance of the 17 months imprisonment previously imposed. (*Id*.).

{**¶8**} On July 22, 2010, A Defiance County grand jury indicted Jackson on one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.04 and 2925.041, a felony of the third degree, one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the fifth degree, and one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a felony of the third degree. (Case No. 10 CR 10908, Doc. No. 1).

{**¶9**} On August 4, 2010, the trial court held an arraignment hearing. (Case No. 10 CR 10908, Doc. No. 7). Jackson entered a plea of not guilty to the charges. (*Id*.).

{**¶10**} After several continuances, on May 11, 2011, the State amended count two of the indictment to charge Jackson with aggravated possession of drugs, a felony of the fifth degree, rather than a felony of the third degree, and dismissed count one. (Case No. 10 CR 10908, Doc. No. 22); (July 12, 2012 Tr. at 6). Jackson changed her plea to no contest to counts two and three. (Case No. 10 CR 10908, Doc. No. 22).

{¶11} On July 12, 2011, the trial court held a sentencing hearing. (Case No. 10 CR 10908, Doc. No. 24). The trial court sentenced Jackson to four years of community control with a reserved sentence of 11 months imprisonment on each count for a total reserved sentence of 22 months imprisonment. (*Id*.). The trial court stated that the reserved 22-month prison term would be served consecutively to the reserved prison term in case number 08 CR 10243 in the event that Jackson violated her community control. (*Id*.).

{¶12} On January 6, 2012, the State filed a motion to revoke Jackson's judicial release in Case No. 08 CR 10243 and community control in Case No. 10 CR 10908 because her urine sample had tested positive for methamphetamines. (Case No. 08 CR 10243, Doc No. 28); (Case No. 10 CR 10908, Doc. No. 26).

{¶13} On January 17, 2012, the trial court held a hearing on the State's motion. (Case No. 08 Cr 10243, Doc. No. 31); (Case No. 10 CR 10908, Doc. No. 29). Jackson was represented by counsel. (*Id*.); (*Id*.). Jackson waived her right to a probable cause hearing and the trial court continued the matter for a final adjudicatory hearing. (*Id*.); (*Id*.).

{¶14} On January 30, 2012, the trial court held a final adjudicatory hearing on the State's motion to revoke Jackson's judicial release and community control. (Case No. 08 CR 10243, Doc. No. 32); (Case No. 10 CR 10908, Doc. No. 30). Jackson admitted she had violated the terms of her judicial release and community

control as the State had alleged in its motion. (*Id.*); (*Id.*). The trial court revoked Jackson's judicial release and community control and imposed the balance of the previously reserved 17 months imprisonment in case number 08 CR 10243. (*Id.*); (*Id.*). The trial court also imposed the previously reserved 22 months imprisonment in case number 10 CR 10908 and ordered Jackson to serve the terms consecutively for a total of 39 months imprisonment. (*Id.*); (*Id.*). The trial court filed its judgment entry on February 1, 2012. (*Id.*); (*Id.*).

{¶15} On March 1, 2012, Jackson filed a notice of appeal for each case. (Case No. 08 CR 10243, Doc. No. 37); (Case No. 10 CR 10908, Doc. No.35). This Court consolidated the cases. Jackson now raises two assignments of error for our review.

### Assignment of Error No. I

**The court violated Ohio felony sentencing statutes by initially sentencing Cynthia Jackson to both prison and community control because community control and prison terms are mutually exclusive**

{¶16} In her first assignment of error, Jackson argues the trial court erred by sentencing her to community control and imposing the reserved prison term because Ohio law permits a court to sentence a defendant to either of the sanctions, but not to both. Jackson contends that the trial court's decision to impose a prison term after she had already completed a period of community control was contrary to law.

{¶17} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶18} R.C. 2929.20 governs judicial release. The statute states:

If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

*Id.* In the present case, the trial court granted Jackson judicial release on May 27, 2010, supervised her judicial release with community control sanctions, and suspended the remainder of her 17-month prison term in accordance with R.C. 2929.20. (Case No. 08 CR 10243, Doc. No. 26). While on judicial release, Jackson committed two more offenses and was sentenced to community control in case number 10 CR 10908. (Case No. 10 CR 10908, Doc. No. 24). Jackson then violated the conditions of her community control as to the newer charges and judicial release as to the older case by testing positive for an illegal drug. (Case No. 08 CR 10243, Doc No. 28); (Case No. 10 CR 10908, Doc. No. 26). Both the former version of R.C. 2929.15 and the current version of R.C. 2929.15 (after

H.B. 86) permit a court to impose a prison term on an offender who violates the conditions of a community control sanction. R.C. 2929.15; R.C. 2929.15, revised by 2011 Am.Sub.H.B. No. 86. Additionally, R.C. 2929.20 permits a court to reimpose a suspended sentence if an offender violates the terms of her judicial release. In the present case, the trial court imposed the suspended sentence and the reserved sentence as a result of Jackson's violation of her community control and judicial release with a positive test for methamphetamines. This Court fails to find any error in the trial court's imposition of a prison term based on the applicable law.

{¶19} Jackson argues her case is similar to *State v. Hartman*, 3d Dist. No. 15-10-11, 2012-Ohio-874. We disagree. In *Hartman*, this Court stated that after S.B. 2, a trial court could not impose a prison sentence and community control sanctions on the same offense. *Id*. at ¶ 6. This Court reversed the trial court's judgment because the trial court had imposed a prison sentence to run concurrently with community control sanctions, and also reserved an additional prison term. *Id*. at ¶ 8. This Court held that the trial court's imposition of a prison term and community control sanctions for the same offense was contrary to law. *Id*. However, in the present case, the trial court did not impose a prison term and community control sanctions for the same offense. The trial court only imposed community control sanctions and correctly notified Jackson of the length of the

prison term the trial court would impose if Jackson violated her community control sanctions. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 18. Thus, the instant case is clearly distinguishable from *Hartman* and the trial court's actions were not contrary to law as Jackson claims.

**{¶20}** Jackson's first assignment of error is, therefore, overruled.

**Assignment of Error No. II**

**The court failed to properly consider the principles and purposes of sentencing when it denied Ms. Jackson's request for residential substance abuse treatment**

**{¶21}** In her second assignment of error, Jackson argues the trial court abused its discretion when it sentenced her to a prison term rather than a residential substance abuse treatment facility. Jackson contends that the purposes and principles for sentencing are to protect the public from the offender's crimes and to punish the offender. Jackson argues that in her case, she had harmed herself and not the public with her drug abuse, so the purpose of sentencing should be addressing her substance abuse issues.

**{¶22}** When sentencing an offender, a trial court is required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Stone*, 3d Dist. No. 9-11-39, 2012-Ohio-1895, ¶ 10, citing *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 36-42. R.C. 2929.12 contains a number of factors, including that the trial court should consider whether:

[a]t the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense * * *.

R.C. 2929.12(D)(1). Furthermore, the sentence should be reasonably calculated to achieve the overriding purposes of felony sentencing contained in R.C. 2929.11, which are "to protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 8.

{¶23} In the instant case, Jackson has been on community control for over three years. During that period, she has admitted to violating the conditions of her community control twice and has also committed two new offenses. Jackson's pre-sentence investigation ("PSI") indicates that she has been attending counseling since she was placed on community control. (PSI). Furthermore, one of the requirements of her community control in case number 10 CR 10908 was that Jackson should undergo drug, alcohol, and psychological treatment or counseling

as directed by her supervising officer. (Case No. 10 CR 10908, Doc. No. 23). At her January 30, 2012 disposition hearing following the revocation of her community control and judicial release, Jackson requested that the trial court place her in a residential treatment facility because she would like one more opportunity to address her substance abuse issues. (Jan. 30, 2012 Tr. at 6). In response, the trial court stated, "[i]t's the discussion we had the last time * * *." (*Id.*). Thus, the trial court considered further treatment for Jackson, but determined she had not responded to treatment over the previous three years and that her repeated violations warranted a prison term. We cannot find that the trial court abused its discretion given the facts in this case.

{¶24} Jackson's second assignment of error is, therefore, overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**