[Cite as *State v. O'Neill*, 2009-Ohio-6156.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  1-09-27

      v.

EDWARD R. O'NEILL,                  O P I N I O N

      DEFENDANT-APPELLANT.


**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2008 0467**

**Judgment Affirmed**

**Date of Decision:    November 23, 2009**


**APPEARANCES:**

    *James C. King*  **for Appellant**

    *Jana E. Emerick*  **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-appellant, Edward R. O'Neill (hereinafter "O'Neill"), appeals the Allen County Court of Common Pleas' judgment of sentence. For the reasons that follow, we affirm.

{¶2} On January 15, 2009, the Allen County Grand Jury indicted O'Neill on count one (1) of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony; and count two (2) of felonious assault by means of a deadly weapon in violation of R.C. 2903.11(A)(2), a second degree felony. (Doc. No. 3). On January 23, 2009, O'Neill was arraigned and entered not guilty pleas to both counts in the indictment. (Doc. Nos. 3, 8).

{¶3} On February 17, 2009, following a pre-trial negotiation, O'Neill withdrew his previously tendered pleas of not guilty and tendered a plea of guilty to an amended indictment charging him with one (1) count of felonious assault in violation of R.C. 2903.11(A)(1) and a second degree felony. (Doc. No. 14). The trial court accepted O'Neill's guilty plea, ordered that a pre-sentence investigation (PSI) be completed, and set the matter for a sentencing hearing to be held on March 25, 2009. (Id.).

{¶4} On March 25, 2009, the trial court sentenced O'Neill to five (5) years incarceration. (Doc. No. 16).

{¶5} On May 8, 2009, O'Neill filed a motion for leave to file a delayed appeal with this Court, which we granted on June 18, 2009.

{¶6} O'Neill now appeals raising one assignment of error for our review.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN IMPOSING A NON-MINIMUM SENTENCE OF IMPRISONMENT AND BY NOT IMPOSING COMMUNITY CONTROL WITH THE REQUIREMENT OF TREATMENT.**

{¶7} In his sole assignment of error, O'Neill argues that the trial court erred by not imposing a minimum sentence or community control with alcohol treatment. In support of this argument, O'Neill points out that most of his prior offenses are alcohol or drug related; that he had been sober for seven (7) years prior to the incident; and that he recently began drinking after his mother's death. O'Neill also argues that the trial court did not fully consider the applicable statutes and that its statement that it did so is mere "boiler plate" language. (Appellant's Brief at 4).

{¶8} The State, on the other hand, argues that the trial court considered the applicable statutes, the PSI, and the victim-impact statement before rendering its sentence. The State also argues that the trial court's 5-year sentence is not contrary to law since O'Neill has been previously incarcerated in Maryland, North Carolina, and Ohio. We find no abuse of discretion with the trial court's sentence.

**{¶9}** A trial court's sentence will not be disturbed on appeal absent a defendant's showing[1] by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.[2] *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶4; *State v. Tyson*, 3d Dist. Nos. 1-04-38, 1-04-39, 2005-Ohio-1082, ¶19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; *State v. Boshko* (2000), 139 Ohio App.3d 827, 835, 745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the

---

[1] O'Neill has mistakenly stated that this Court "must find, clearly and convincingly, that the record *supports* the sentence and is not contrary to law." (Appellant's Brief at 4). That standard is incorrect. The defendant bears the burden to demonstrate, by clear and convincing evidence, that the sentence is *not supported* by the record, that the sentencing statutes' procedure was not followed, or there was *not* a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *Ramos*, 2007-Ohio-767, at ¶23; *Rhodes*, 2006-Ohio-2401, at ¶4; *Tyson*, 2005-Ohio-1082, at ¶19, citing R.C. 2953.08(G).

[2] This Court notes that the Ohio Supreme Court has recently released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). *State v. Kalish* (2008), 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Although this Court utilized our precedential clear and convincing standard, affirmed and adopted by *Kalish*'s three dissenting Justices, we would have concluded that O'Neill's sentence was proper under the *Kalish* plurality's two-step approach as well.

trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶16, quoting *State v. Jones* (2001), 93 Ohio St.3d 391, 400, 754 N.E.2d 1252.

{¶10} O'Neill has failed to clearly and convincingly demonstrate that his sentence was contrary to law. O'Neill pled guilty to one (1) count of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony. (Doc. No. 14). R.C. 2929.14(A)(2) provides: "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." The trial court sentenced O'Neill to five (5) years incarceration, within the range provided by statute; and therefore, the trial court's sentence was not contrary to law. (Doc. No. 16).

{¶11} O'Neill has also failed to clearly and convincingly demonstrate that the trial court failed to follow the statutory guidelines when sentencing him. In its judgment entry of sentence, as well as at the sentencing hearing, the trial court specifically stated that it considered "the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and the offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution." (Mar. 25, 2009 JE, Doc. No. 16); (Mar. 29, 2009 Tr. at 1). O'Neill asserts that "it is clear that this is simply 'boiler plate' language." We take issue with this bald assertion for two reasons. First, as

an Appellate Court, we presume that the trial court did exactly what it said it did. *Betz v. Timken Mercy Med. Ctr.* (1994), 96 Ohio App.3d 211, 216, 644 N.E.2d 1058. Second, a simple reading of the judgment entry of sentence contradicts O'Neill's assertions. Therefore, we reject these arguments without further consideration.

{¶12} Finally, O'Neill has failed to clearly and convincingly demonstrate that the trial court's sentence was not supported by the record. O'Neill has had several convictions, from 1974 to the present offense, including: possession of a controlled substance; possession with intent to distribute methamphetamine; possession of methaquatone; handgun violation; conspiracy to distribute a controlled substance, methamphetamine; two charges for obtaining a controlled substance by fraud; two offenses for driving while impaired; driving while license revoked; breaking and entering; larceny; damage to personal property; possession of stolen goods; disorderly conduct; robbery; possession of criminal tools; and fleeing. (PSI); (Mar. 29, 2009 Tr. at 14). These offenses and charges occurred in Pennsylvania, Maryland, Kentucky, North Carolina, and Ohio, and O'Neill has been incarcerated in all of those states, except Kentucky.[3] (PSI); (See, also, Mar. 29, 2009 Tr. at 14). O'Neill asserts that the majority of his offenses were drug and

---

[3] We note that the PSI indicates that O'Neill was incarcerated for a short period of time in Pennsylvania following his conviction for disorderly conduct, though he denied that at the sentencing hearing. (PSI); (Mar. 29, 2009 Tr. at 14).

alcohol offenses, not crimes of violence; robbery, however, *is* a serious crime of violence. R.C. 2901.01(A)(9)(a). Based upon the PSI, we agree with the trial court's findings under R.C. 2929.12(D) that O'Neill had a previous history of criminal convictions, had not been satisfactorily rehabilitated, and had demonstrated a pattern of drug and alcohol abuse related to the offenses. (Mar. 29, 2009 JE, Doc. No. 16).

{¶13} Furthermore, we also agree with the trial court's finding under R.C. 2929.12(B) that the victim had suffered serious physical harm as a result of O'Neill's offense. The record demonstrates that, after drinking to the point of extreme intoxication,[4] O'Neill stumbled out of a bar and collided with a trash can, knocking it over. (PSI); (See, also, Mar. 29, 2009 Tr. at 4-5). O'Neill then stumbled up to the victim, leaned on his shoulder, and asked the victim to carry him to his car. (PSI). The victim, a complete stranger to O'Neill, told O'Neill not to touch him and to step away from him. (Id.). Apparently, the victim—who was a 22-year-old man out drinking with his buddies—told O'Neill "you can carry my di*k," to which O'Neill responded by pulling a 3" switchblade knife, holding it to the victim's throat, and stating that he would "fu*king kill him." (Id.); (Doc. No. 10). Instead of dismissing the victim's comment as a smart remark made by a young intoxicated man impressing his buddies like a reasonable person would do,

---

[4] O'Neill estimated that he drank ten mixed drinks of vodka and orange juice over the course of 3-4 hours. (PSI).

O'Neill swung his knife at the victim cutting his throat 10 cm. (PSI); (Doc. No. 10). According to the medical professionals that took care of the victim, if the cut had been ¼" deeper, the victim would not have survived the injury. (PSI). The victim also stated that he had suffered from sleepless nights and migraines since the incident and was sick eight weeks following the incident. (Id.). After reviewing the circumstances surrounding the incident and severity of the victim's injury, which was nearly fatal, we cannot conclude that the trial court's sentence of five (5) years was unsupported by the record.

{¶14} For all these reasons, we cannot conclude that the trial court's sentence was clearly and convincingly unsupported by the record; that the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *Ramos*, 2007-Ohio-767, at ¶23; *Rhodes*, 2006-Ohio-2401, at ¶4; *Tyson*, 2005-Ohio-1082, at ¶19, citing R.C. 2953.08(G). Therefore, we affirm the trial court's judgment entry of sentence.

{¶15} O'Neill's assignment of error is, therefore, overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, J., concurs.**

**WILLAMOWSKI, J., concurring separately.**

{¶17} I concur fully with the majority opinion, however write separately to emphasize that the appropriate standard of review was applied. In his assignment of error, O'Neil alleges that the trial court abused its discretion in imposing a sentence above the minimum and not imposing community control sanctions. O'Neil's appeal of his felony sentence was not pursuant to R.C. 2929.12, which, in my opinion would require an abuse of discretion standard. See *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Thus, the standard used to review this case, as set forth in R.C. 2953.08(G) is the proper standard of review herein.

**/jlr**