[Cite as *State v. Colburn*, 2019-Ohio-4240.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| STATE OF OHIO, | : | Case No. 19CA896 |
| | | |
| Plaintiff-Appellee, | : | |
| | | |
| v. | : | DECISION AND |
| | | JUDGMENT ENTRY |
| LAWRENCE ELLIOTT COLBURN, | : | |
| | | |
| Defendant-Appellant. | : | **RELEASED 10/11/2019** |

_____

APPEARANCES:

Matthew F. Loesch, Portsmouth, Ohio, for appellant.

Robert Junk, Pike County Prosecuting Attorney, and Marie Hoover, Pike County
Assistant Prosecuting Attorney, Waverly, Ohio, for appellee.
_____

Hess, J.

{¶1}   Lawrence Elliott Colburn pleaded guilty to felonious assault and received a maximum eight-year prison sentence.  Colburn asserts that the trial court's imposition of the maximum term for his crime was not clearly and convincingly supported by the record.

{¶2}   However, the trial court could rely on the facts that Colburn beat his victim so severely that her mother and children could not recognize her at the hospital, the prolonged attack lasted five hours and involved repeated strangulation of the victim to the point of unconsciousness, resulted in two broken eye sockets, a broken nose, permanent vision impairment to the victim, and ongoing physical, emotional and mental health issues. These factors allow the trial court to conclude that the crime was more serious than the normal felonious assault and warranted the imposition of the maximum prison term. We reject Colburn's assertion and affirm his sentence.

## I. FACTS

**{¶3}** In August 2018, the Pike County Grand Jury returned an indictment charging Colburn with one count each of felonious assault, rape, kidnapping, and attempted murder. Colburn initially entered a not-guilty plea to all charges and later entered a guilty plea to felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, in return for the dismissal of the rape, kidnapping, and attempted murder charges. The parties' plea agreement did not include an agreed sentencing recommendation. The trial court accepted Colburn's plea and found him guilty of felonious assault.

**{¶4}** At the sentencing hearing the state argued that the trial court should impose the maximum eight-year prison term. The victim provided an impact statement in which she explained that Colburn assaulted her for a period of five hours and the physical blows to her face and eye sockets resulted in permanent vision impairment. She stated that Colburn strangled her until she lost consciousness and when she regained consciousness, Colburn taunted her and strangled her again into unconsciousness. The victim stated that when she regained consciousness the second time, her clothes were soiled with her own bodily fluids and she began vomiting blood. Her facial injuries were so severe that her face had swollen to the point she could barely see to crawl to the tub where she attempted to rinse her face. Colburn refused her request for medical attention. At some point during the ordeal, Colburn brandished a kitchen knife. Colburn also told her if she tried to leave, things would get worse and she would "see the monster in him." After five hours of physical assault and emotional abuse, the victim stated that Colburn

allowed her to leave but threatened to kill her and her three children if Colburn were arrested and sentenced to prison.

{¶5} The victim stated that she also suffered a concussion and required eye surgery. The victim stated that she suffers daily emotional trauma, cannot sleep without medication and is on medication for stress and anxiety. The victim stated that every day is a battle and that she struggles to keep her job because of her emotional state and the difficulties she has working with an eye injury. Her employer has made equipment accommodations for her vision impairment. The victim asked the trial court to sentence Colburn to the maximum prison term: "It is my sincerest plea that this Court sentence Lawrence Elliott Colburn to the maximum sentence available."

{¶6} The state informed the trial court that Colburn had previously been convicted of first-degree felonies of kidnapping and rape, had served a lengthy prison term, and was on post release control when the felonious assault occurred. The state presented photographs of the victim that were taken of her injuries while she was hospitalized after the attack, which documented injuries to the victim's face, eye sockets, and nose. The state explained that the victim required medical treatment that is still ongoing. As to her prognosis, the victim stated that she could not have another eye surgery because she would lose sight and that she could not have surgery on her nose because it would put too much pressure on her eye.

{¶7} The victim's children gave statements and explained that when they saw their mother in the hospital after the assault, they could not recognize her because she had been "beaten to the point of being unrecognizable." A victim's advocate representative from Pike County Partnership against Domestic Violence read the victim's

twelve-year-old daughter's statement, which stated that she was afraid she was going to lose her mother. For weeks after the assault, their mother could not be home by herself without an emotional breakdown, and she suffered frequent panic attacks. Her children asked that the trial court sentence Colburn to the maximum sentence to allow them to finish school and their mother to relocate without worrying about Colburn returning and inflicting more pain and suffering on their family.

{¶8} The victim advocate presented the victim's mother's statement, in which she stated that she could not recognize her daughter in the hospital after the attack, she was fearful her daughter would die and that the doctors had told her that if her daughter survived the first two days, then she probably would not die. The victim's mother asked the trial court to sentence Colburn to the maximum prison term.

{¶9} The victim's sister and niece also asked the trial court to sentence Colburn to the maximum prison term.

{¶10} Colburn's counsel asked that the trial court impose the minimum sentence and presented Colburn's mother who explained that she would like to have her son home with her to help care for her and her husband, who are seventy and seventy-one respectively. Colburn gave a statement in which he explained that the victim had provoked him by removing his personal belongings from their home and hitting and kicking him. Colburn also stated that he was sorry for what he did to the victim and that he has been diagnosed with bi-polar disorder and major depression.

{¶11} The trial court stated that it considered the overriding purposes and principles of sentencing and the seriousness and recidivism factors in R.C. 2929.11 and 2929.12. Based on these factors the trial court concluded that Colburn's conduct was

more serious than conduct normally constituting the offense due to the serious physical and psychological harm the victim suffered as a result. The trial court found that Colburn has a history of committing violent crimes and had committed this crime while under post-release control following a lengthy prison term for rape and kidnapping convictions. Although Colburn expressed remorse, the trial court found it difficult to determine that the remorse was genuine and that some of Colburn's remarks were self-serving. The trial court found that the victim did not provoke or facilitate the attack, particularly due to the severity of the injuries and the repeated, prolonged nature of the assault. The trial court sentenced Colburn to an eight-year prison term.

## II. ASSIGNMENT OF ERROR

**{¶12}** Colburn assigns the following error for our review:

THE RECORD DOES NOT CLEARLY AND CONVINCINGLY SUPPORT THAT APPELLANT'S MAXIMUM EIGHT-YEAR SENTENCE WAS SUPPORTED BY THE LAW.

## III. STANDARD OF REVIEW

**{¶13}** When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22-23. Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶14}** Although R.C. 2953.08(G)(2)(a) does not mention R.C. 2929.11 and 2929.12, the Supreme Court of Ohio has determined that the same standard of review applies to those statutes. *Marcum* at ¶ 23 (although "some sentences do not require the findings that R.C. 2953.08(G)[2][a] specifically addresses[,] * * * it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court"); *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017-Ohio-1544, ¶ 84. Consequently, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23; *Butcher* at ¶ 84.

**{¶15}** "Once the trial court considers R.C. 2929.11 and 2929.12, the burden is on the defendant to demonstrate by clear and convincing evidence that the record does not support his sentence." *State v. Akins-Daniels*, 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, ¶ 9; *State v. O'Neill*, 3d Dist. Allen No. 1-09-27, 2009-Ohio-6156, fn. 1

**{¶16}** "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

## IV. LAW AND ANALYSIS

{¶17} Colburn asserts that the trial court committed error by imposing a maximum sentence in violation of sentencing laws.

{¶18} Initially, we conclude that the trial court's imposition of an eight-year maximum sentence for felonious assault is not contrary to law. In fact, Colburn does not argue that it was. Rather Colburn argues that his prison sentence is not clearly and convincingly supported by the record. He claims that although the trial court stated that it balanced the seriousness and recidivism factors under R.C. 2929.12, a balancing of these factors weighs in favor of a lesser prison term for his felonious-assault conviction.

{¶19} More specifically under R.C. 2929.12(C), Colburn argues that the victim induced or facilitated the offense, he was under strong provocation, and there were substantial grounds to mitigate his conduct, though insufficient to constitute a defense. He also claims that the seriousness factors of R.C. 2929.12(B) support his contention that his sentence was clearly and convincingly improper. Specifically, he contends that (1) the injuries suffered by the victim were not exacerbated by her physical or mental condition or age, (2) he did not hold a public office or position of trust in the community and the offense was therefore not related to that office or position, (3) his occupation did not obligate him to prevent the offense or bring others to justice for committing it, (4) he did not use his professional reputation to facilitate the offense or influence the future conduct of others, (5) he did not commit the offense for hire or as part of an organized criminal activity, and (6) he was not motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

**{¶20}** Although these factors could support a finding that the offense was less serious, *see* R.C. 2929.12(B) and (C), the trial court did not need to assign equal weight to each applicable factor. Instead, precedent refutes any contention that each statutory or other relevant factor is entitled to equal or a certain weight in the balancing process. *See State v. Yost,* 4th Dist. Meigs No. 17CA10, 2018-Ohio-2719, ¶ 19; *State v. Graham*, 4th Dist. Adams No. 17CA1046, 2018-Ohio-1277, ¶ 25, rejecting the argument that because each of the statutory sentencing factors are mandatory, each is entitled to equal weight on balance, citing *State v. Bailey*, 4th Dist. Highland No. 11CA7, 2011-Ohio-6526, ¶ 34, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000) ("in considering the factors set forth in R.C. 2929.12, the trial court has 'the discretion to determine the weight to assign a particular statutory factor' ").

**{¶21}** The trial court was free to credit the state's, victim's, and victim's family's version of the facts, and to place additional weight on the facts that Colburn's remorse appeared to be questionable, his assault on the victim lasted hours and nearly resulted in her death, and she suffered serious and lasting physical and emotional harm. Under these circumstances, Colburn has failed to meet his burden to establish that the trial court's imposition of a mandatory eight-year prison sentence for his felonious-assault conviction was clearly and convincingly not supported by the record. " 'Simply because the court did not balance the factors in the manner appellant desires does not mean that the court failed to consider them, or that clear and convincing evidence shows that the court's findings are not supported by the record.' " *Graham*, 2018-Ohio-1277, at ¶ 26, quoting *Butcher*, 2017-Ohio-1544, at ¶ 87.

**{¶22}** Therefore, we overrule Colburn's assignment of error.

## V. CONCLUSION

{¶23}   Colburn has not established that his eight-year prison sentence is clearly and convincingly not supported by the record.  Having overruled his assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Powell,J.*: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**

*Judge Mike Powell, Twelfth District Court of Appeals, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.