[Cite as *State v. Kitzler*, 2019-Ohio-5146.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

    Appellee

v.

Daniel Kitzler, Jr.

    Appellant

Court of Appeals Nos. OT-19-011
OT-19-012

Trial Court Nos. 2018-CR-279
2018-CR-265

**DECISION AND JUDGMENT**

Decided: December 13, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, Daniel Kitzler, appeals the judgment of the Ottawa County Court

of Common Pleas, sentencing him to 34 months in prison after accepting his guilty plea

to one count of aggravated assault and one count of inducing panic, and ordering him to

serve the remaining 1,089 days of his postrelease control consecutive to the 34-month prison sentence. Finding no error in the proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On October 25, 2018, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree, in case No. 2018-CR-265. This indictment stemmed from an incident that occurred on October 15, 2018, in which appellant threatened another individual with a box cutter or knife outside of a treatment facility in Port Clinton, Ohio, and was later arrested. While in jail awaiting further proceedings in case No. 2018-CR-265, appellant staged an attempted suicide by hanging himself so that he could be transferred to a psychiatric hospital. Consequently, appellant was indicted on November 14, 2018, and charged with one count of inducing panic in violation of R.C. 2917.31(A)(3) and (C)(3), a felony of the fourth degree, in case No. 2018-CR-279. Thereafter, appellant pled not guilty to each charge, and the matters proceeded through discovery and plea negotiations.

{¶ 3} On January 10, 2019, appellant appeared before the trial court for a change of plea hearing. At the hearing, appellant entered a plea of guilty in case No. 2018-CR-265 to an amended charge of aggravated assault in violation of R.C. 2903.12(A)(2), a felony of the fourth degree, and also entered a plea of guilty in case No. 2018-CR-279 to the charge of inducing panic contained in the indictment.

{¶ 4} Following a Crim.R. 11 colloquy, the trial court asked appellant to articulate the factual basis for the charges contained in the indictment. Regarding the assault

2.

charge, appellant indicated that he and another individual got into an argument because the individual "was upset that a female was trying to sleep with [him]." Appellant went on to note that "[a]n argument ensued and then we tried to fight and then everybody got in between us and nobody got touched. I went home and got arrested later that night." The state provided the additional fact that appellant threatened the individual with a knife.

{¶ 5} Concerning the charge for inducing panic, appellant stated: "I hung myself here in the jail and they said that I was trying to go to the hospital with my girlfriend, but my girlfriend wasn't at the hospital. She was down in the padded cell." The state responded to appellant's articulation of the facts supporting the inducing panic charge by noting that "[s]ome of the other inmates knew he was going to [hang himself] and they called for assistance, but Mr. Kitzler, when the officers arrived, he was unconscious. He was seizing after they got him down and gasping for air and he did receive medical attention thereafter, so it was a dangerous situation, Your Honor." The court asked appellant if the state's version of the events was accurate, and appellant responded in the affirmative.

{¶ 6} After the foregoing facts were recited, the trial court accepted appellant's plea and found him guilty of aggravated assault and inducing panic. The court ordered the preparation of a presentence investigation report and continued the matter for sentencing.

3.

{¶ 7} Appellant's sentencing hearing was held on February 25, 2019. Prior to imposing sentence, the trial court noted its consideration of the presentence investigation report, and heard arguments from the parties regarding sentencing. For its part, the state noted that appellant committed the offenses at issue in this case while he was on postrelease control related to a prior sex offense. The state emphasized appellant's prior criminal history and substance abuse issues in support of its request for consecutive sentences. Appellant's defense counsel informed the court that appellant had a heroin problem and also suffered from mental health issues. Defense counsel acknowledged that appellant had a difficult time reintegrating into society after being released from prison, but insisted that appellant had a desire to integrate and to be free from incarceration. Appellant was offered an opportunity to speak in mitigation, but declined to do so.

{¶ 8} After hearing arguments from counsel for the state and appellant, the trial court set forth the principles and purposes of sentencing under R.C. 2929.11, as well as the sentencing factors under R.C. 2929.12 and 2929.13. Ultimately, the trial court ordered appellant to serve 17 months in prison on each of the charges. Thereafter, the court stated its finding that

> consecutive service is necessary to protect the public from future crime and
> to punish the offender and that consecutive sentences are not
> disproportionate to the seriousness of the offender's conduct and to the
> danger it poses to the public.

4.

The Court further finds that the offender committed one or more of the multiple offenses while the offender was * * * under Post Release Control for a prior offense and that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

The Court further notes that at the time of these offenses, the Defendant was serving a mandatory five-year term of [postrelease control] as well as a probationary period through Perrysburg Municipal Court.

{¶ 9} After directing that the two 17-month sentences would be served consecutively, the trial court imposed the 1,089 days of remaining postrelease control time, and ordered it to be served consecutive to the 34-month prison sentence pursuant to R.C. 2929.141(A)(1).

{¶ 10} In its sentencing entry, the trial court indicated that it considered the principles and purposes of sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and considered the factors set forth in R.C. 2929.13. The court also reiterated that consecutive sentences were necessary to protect the public from future crime and to punish appellant, and found that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger appellant posed to the public. The court noted the fact that appellant was on postrelease control at the time he committed the present offenses, and found that appellant's criminal record supports the imposition of consecutive sentences.

{¶ 11} On April 5, 2019, appellant filed a notice of appeal and a motion for delayed appeal, which was granted on May 17, 2019.

## Assignment of Error

{¶ 12} On appeal, appellant sets forth the following assignment of error:

The Trial Court's sentence of Daniel Kitzler, Jr. ("Appellant"), is excessive and violates Ohio public policy.

## II. Analysis

{¶ 13} In his sole assignment of error, appellant argues that the trial court erred in sentencing him to an excessive prison term.[1] Although the sentence is clearly within the range of sentences authorized by statute, appellant asserts that the sentence does not advance the principles and purposes of sentencing under R.C. 2929.11, and does not properly account for the seriousness and recidivism factors under R.C. 2929.12.

{¶ 14} "[T]here is no constitutional right to an appellate review of a criminal sentence." *State v. Smith*, 80 Ohio St.3d 89, 97, 684 N.E.2d 668 (1997), citing *Estelle v. Dorrough*, 420 U.S. 534, 536, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Article IV, Section 3(B)(2) of the Ohio Constitution provides that "Courts of appeals shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the

---

[1] Appellant does not contest, and thus we do not address, the trial court's imposition of consecutive sentences under R.C. 2929.14 or the 1,089-day prison sentence that the trial court imposed under R.C. 2929.141 as a consequence of appellant having committed the present offenses while on postrelease control.

6.

district." (Emphasis added.) That law is R.C. 2953.08, which "specifically and comprehensively defines the parameters and standards—including the standard of review—for felony-sentencing appeals." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21.

{¶ 15} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 16} A trial court that sentences a defendant for a felony offense, "shall be guided by the overriding purposes of felony sentencing: * * * to protect the public from future crime by the offender and others, to punish the offender, and to promote the

7.

effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). When considering the appropriate sentence, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* The sentence must be reasonably calculated to achieve those purposes "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶ 17} To comply with the principles and purposes of sentencing set forth in R.C. 2929.11, the trial court must consider the seriousness and recidivism factors contained in R.C. 2929.12. To that end, we have previously explained,

> R.C. 2929.12 is a guidance statute. It sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes. While the phrase "shall consider" is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the

8.

offender.  Indeed, no specific recitation is required.  Merely stating that the court considered the statutory factors is enough.

*State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 18} "Once the trial court considers R.C. 2929.11 and 2929.12, the burden is on the defendant to demonstrate by clear and convincing evidence that the record does not support his sentence."  *State v. Akins–Daniels*, 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, ¶ 9; *State v. O'Neill*, 3d Dist. Allen No. 1-09-27, 2009-Ohio-6156, ¶ 9, fn. 1 ("The defendant bears the burden to demonstrate, by clear and convincing evidence, that the sentence is not supported by the record, that the sentencing statutes' procedure was not followed, or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law").

{¶ 19} In this case, appellant argues that his sentence should be "reduced or outright vacated" under R.C. 2929.11 and 2929.12, based upon his mental illness and substance abuse problems, which he claims were exacerbated while he was previously incarcerated.  Appellant urges that mental health and substance abuse treatment should have been imposed in lieu of prison time, because such a sanction would have protected the public from future crime and sufficiently punished appellant for his conduct.

{¶ 20} At appellant's sentencing hearing, the trial court examined the facts of this case, and referenced the atypical nature of appellant's conduct with respect to the

9.

inducing panic charge. The court also referenced appellant's criminal record and noted the fact that appellant had committed the crimes for which he was sentenced in this case while serving a five-year term of postrelease control on a prior offense. The substance abuse and reintegration issues were before the trial court at the time of sentencing, but the court determined, in its discretion, that those concerns did not warrant a non-prison sanction in this case in light of the other relevant considerations. Upon consideration of the transcript of the sentencing hearing in this case, it is clear that the trial court fashioned its sentence only after thoughtfully considering the relevant sentencing factors. Further, the trial court indicated that it considered the relevant sentencing statutes (R.C. 2929.11 through 2929.14) during the sentencing hearing, and reiterated its consideration again in its sentencing entry.

{¶ 21} In light of the court's express consideration of the principles and purposes of sentencing under R.C. 2929.11, the sentencing factors under R.C. 2929.12 and 2929.13, and the factors relevant to the imposition of consecutive sentences under R.C. 2929.14, we cannot say that appellant's sentence is clearly and convincingly contrary to law.

{¶ 22} Moreover, we reject appellant's contention that the trial court erred in imposing a maximum sentence without making certain findings to support the sentence. Since the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, trial courts have "'full discretion to impose a prison sentence within the statutory range,'" up to and including the maximum sentence for a given crime. *Marcum*,

10.

146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 13, quoting *Foster* at ¶ 100.

In our recent decision in *State v. Grace*, 6th Dist. Sandusky No. S-18-044, 2019-Ohio-3812, we examined an identical argument to the one advanced by appellant here concerning the imposition of maximum sentences, and concluded that trial courts are "not required to make any special findings before imposing maximum sentences." *Id.* at ¶ 25.

{¶ 23} Because the trial court expressly considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12 prior to imposing a sentence that was within the applicable statutory range under R.C. 2929.14, we find that appellant's sentence is not contrary to law. Accordingly, appellant's assignment of error is not well-taken.

### III.  Conclusion

{¶ 24} In light of the foregoing, the judgment of the Ottawa County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                        JUDGE
Thomas J. Osowik, J.

Gene A. Zmuda, J.                          _____
CONCUR.                                                 JUDGE


                                           _____
                                                        JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.