OPINION
{¶ 1} Defendant-appellant, Demetrius Rhodes, appeals the decision of the Butler County Court of Common Pleas sentencing him for one count of felony cocaine trafficking. We reverse the common pleas court's sentencing decision, and remand this case for re-sentencing.
 {¶ 2} In May 2005, appellant was indicted for one count of cocaine trafficking and one count of marijuana trafficking, both fifth-degree felonies and both violations of R.C. 2925.03(A)(1). In July 2005, appellant pled guilty to the cocaine trafficking count. The state subsequently merged the marijuana trafficking count. The common pleas court convicted appellant of the cocaine trafficking count. At the conclusion of a sentencing hearing in September 2005, the court sentenced appellant to 11 months in prison, and fined him $1250.
 {¶ 3} Appellant now appeals, assigning three errors. In his first assignment of error, appellant argues that the record does not support the common pleas court's decision to impose prison rather than community control. In his second assignment of error, appellant argues that the record does not support the common pleas court's decision to impose a prison sentence greater than the minimum. In his third assignment of error, appellant argues that the common pleas court's decision to impose a prison sentence greater than the minimum violated appellant's Sixth Amendment right to a jury trial and the U.S. Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 4} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is "otherwise contrary to law." R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Boshko (2000),139 Ohio App.3d 827, 835.
 {¶ 5} We overrule appellant's first assignment of error. After reviewing the record, we conclude that appellant has failed to demonstrate, by clear and convincing evidence, that the common pleas court's decision to impose prison rather than community control was unsupported by the record. Appellant's lengthy criminal history and the ineffectiveness of prior probationary measures strongly supported the court's decision. Additionally, we note that R.C. 2929.13(B)(2)(b), the statutory section relied upon by the common pleas court, does not violate the Sixth Amendment or Blakely. See State v. Gulley, Clermont App. No. CA2005-07-066, 2006-Ohio-2023, ¶ 22, citing State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶ 70.
 {¶ 6} We overrule appellant's second assignment of error. Appellant has failed to demonstrate, by clear and convincing evidence, that the common pleas court's decision to impose a prison sentence greater than the minimum was unsupported by the record. The pre-sentence investigation report, which indicated a lack of remorse, in addition to the testimony at the sentencing hearing, provided ample support for the court's conclusion that a prison sentence greater than the minimum was warranted.
 {¶ 7} However, we sustain appellant's third assignment of error because we find that the common pleas court's decision to impose a prison sentence greater than the minimum was "otherwise contrary to law." In sentencing appellant to a prison sentence greater than the minimum, the court made a finding pursuant to R.C. 2929.14(B), a statutory section subsequently declared unconstitutional by the Ohio Supreme Court. Foster at paragraph one of the syllabus. Accordingly, we reverse the sentencing judgment of the common pleas court, vacate appellant's prison sentence, and remand this case for a new sentencing hearing consistent with Foster. See Gulley at ¶ 24; State v. Hooks,
Butler App. Nos. CA2004-02-047, CA2004-02-050, and CA2004-02-051,2006-Ohio-1272, ¶ 10; State v. Sizemore, Butler App. No. CA2005-01-022, 2006-Ohio-1433, ¶ 7.
Walsh and Bressler, JJ., concur.