[Cite as *State v. Fuller*, 2013-Ohio-5661.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO. 7-13-06

      v.

TIMOTHY FULLER,                       O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 13CR0009

Judgment Reversed and Cause Remanded

Date of Decision:    December 23, 2013

APPEARANCES:

    *Alan J. Lehenbauer* for Appellant

    *Gwen Howe-Gebers and David E. Romaker, Jr.* for Appellee

**PRESTON, P.J.**

{**¶1**} Defendant-appellant, Timothy Fuller, appeals the Henry County Court of Common Pleas' judgment entry of sentence. We reverse and remand for resentencing.

{**¶2**} On February 12, 2013, the Henry County Grand Jury indicted Fuller on four counts: Count One of menacing by stalking in violation of R.C. 2903.211(A)(1), (B)(2)(c), (f), (g), and (h), a fourth-degree felony; Count Two of receiving stolen property in violation of R.C. 2913.51, a first-degree misdemeanor; Count Three of violation of protection order in violation of R.C. 2919.27(A), (B)(4), a third-degree felony; and, Count Four of violation of protection order in violation of R.C. 2919.27(A), (B)(3), a fifth-degree felony. (Doc. No. 1). (*See also* Doc. No. 42).[1]

{**¶3**} On February 21, 2013, Fuller entered pleas of not guilty to the counts of the indictment. (Doc. No. 10).

{**¶4**} On April 3, 2013, Fuller and plaintiff-appellee, State of Ohio, reached a plea agreement, and the trial court held a change-of-plea hearing that day. (*See* Apr. 3, 2013 Tr. at 2); (Doc. No. 42). As part of the plea agreement, the State agreed to dismiss Counts One and Two at the time of sentencing and to amend Count Three to a violation of protection order in violation of R.C. 2919.27(A),

---

[1] The parties suggest in their briefs that Fuller was indicted in November 2012; however, the record reflects that the four-count indictment was filed on February 12, 2013 for conduct that allegedly took place in November 2012. (*See* Doc. No. 1).

(B)(3), a fifth-degree felony. (*Id.* at 2-3); (*Id.*). In return, Fuller agreed to plead guilty to Count Three, as amended, and Count Four. (*Id.*); (*Id.*).

{¶5} The trial court granted the State's motion to amend Count Three. (*Id.*); (Doc. No. 43). The trial court also granted Fuller's request for leave of court to withdraw his pleas of not guilty to Counts Three and Four and to enter pleas of guilty to Count Three, as amended, and Count Four. (*Id.* at 19-20); (*Id.*). The trial court accepted Fuller's guilty pleas and found him guilty on Count Three, as amended, and Count Four. (*Id.* at 20); (*Id.*).

{¶6} The trial court held a sentencing hearing on May 6, 2013. (May 6, 2013 Tr. at 2); (Doc. No. 44). At the hearing, the trial court dismissed Counts One and Two after granting the State's motion to dismiss those counts. (*Id.* at 3); (*Id.*). The State recommended that the trial court impose a 10-month prison sentence for Count Three and an 8-month prison sentence for Count Four, to be run consecutively. (May 6, 2013 Tr. at 11). After hearing statements from Fuller's ex-wife, counsel for the State, Fuller, and counsel for Fuller, the trial court sentenced Fuller to 12 months at the Corrections Center of Northwest Ohio (CCNO), a regional jail, on Count Three as part of community control and ordered that he "participate in the HITT Program, if eligible." (*Id.* at 20-21); (Doc. No. 44). On Count Four, the trial court sentenced Fuller to five years of community control "upon the standard terms and conditions of the Henry County Adult

Probation." (*Id.* at 21); (*Id.*). The trial court "further ordered" that, if Fuller violated the terms of his community control, "he be ordered to serve" 12 months in prison, which could be followed by three years of post-release control pursuant to R.C. 2967.28(C). (*Id.* at 21); (Doc. No. 44). The trial court referred to the 12-month prison term for a community-control violation as a "reserve prison term." (May 6, 2013 Tr. at 21-22). At the sentencing hearing, the trial court informed Fuller that 162 days for time served would be credited were he to be imprisoned following a violation of his community control. (*Id.* at 21).

{¶7} On May 9, 2013 at 9:07 a.m., the trial court filed a judgment entry reflecting its sentence, although the trial court omitted from that judgment entry its order concerning credit for time served. (Doc. No. 44). At 11:00 a.m. that morning, Fuller filed a pro se motion to reduce his jail sentence by 165 days for time served. (Doc. No. 45). The trial court filed a judgment entry at 11:01 a.m. that morning acknowledging Fuller's pro se motion and stating that he would be credited for time served if he violated his community control and was sent to prison. (Doc. No. 46).[2] Also in its May 9, 2013 11:01 a.m. judgment entry, the trial court stated that the sentences it imposed were to be served consecutively. (*Id.*).

---

[2] In its May 9, 2013 11:01 a.m. judgment entry, the trial court said that its May 9, 2013 9:07 a.m. judgment entry provided that Fuller "was to serve 12 months at [CCNO] commencing May 6, 2013 on Count I." (Doc. No. 46). However, the May 9, 2013 9:07 a.m. judgment entry reflects that the trial court imposed the 12-month jail sentence for Count Three, and it dismissed Count One. (Doc. No. 44).

{¶8} On June 5, 2013, Fuller filed a notice of appeal challenging the trial court's May 9, 2013 9:07 a.m. and May 9, 2013 11:01 a.m. judgment entries. (Doc. No. 47). He raises three assignments of error for our review. Because they are dispositive, we address Fuller's first and third assignments of error.

### Assignment of Error No. I

**The trial court erred in imposing a twelve month jail sentence upon appellant as the trial court was required to sentence appellant to a term of community control pursuant to R.C. 2929.13 and R.C. 2929.16.**

{¶9} In his first assignment of error, Fuller argues that the trial court erred by imposing a 12-month jail sentence. Specifically, Fuller argues that R.C. 2929.13(B)(1)(a) does not apply in his case, that the trial court was required by R.C. 2929.13(B)(3)(b) to impose a sentence of community control, and that his 12-month jail sentence exceeds the 6-month maximum found in R.C. 2929.16(A)(2).

{¶10} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; that the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R .C. 2953.08(A), (B), and (C) * * *);

*State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶11} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶12} Fuller pled guilty to and was found guilty of two fifth-degree felonies, and the trial court sentenced Fuller to a 12-month jail term on one count and five years of community control on the other count. (Doc. No. 43). R.C. 2929.13(B)(1)(a) sets forth circumstances under which a trial court is required to sentence an offender to a 12-month community-control sanction for a fourth or fifth-degree felony that is not an offense of violence, and R.C. 2929.13(B)(1)(b) sets forth circumstances under which a trial court has discretion to sentence an offender to a prison term for a fourth or fifth-degree felony that is not an offense

of violence. *See State v. Spencer*, 3d Dist. Hardin Nos. 6-12-15 and 6-12-16, 2013-Ohio-137, ¶ 21. Here, because neither party argues that Fuller was required to serve a prison term, and because the trial court sentenced Fuller to community control, not a prison term, on both counts, we need not address Fuller's argument that the trial court was required to sentence him to community control.

{¶13} The parties also agree that the duration of Fuller's jail sentence exceeded the statutory limit set forth in R.C. 2929.16 and, therefore, was contrary to law. We agree with the parties. If a trial court is not required to sentence a felony offender to a prison term, R.C. 2929.15 allows the trial court to "directly impose a sentence that consists of one or more community control sanctions authorized [by R.C. 2929.16, 2929.17, or 2929.18] * * *." *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶ 18-19, quoting R.C. 2929.15(A)(1). R.C. 2929.16 allows a trial court to impose one or more of the following community residential sanctions on an offender:

(1) A term of up to six months at a community-based correctional facility that serves the county;

(2) Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, a term of up to six months in a jail;

(3) If the offender is convicted of a fourth degree felony OVI offense and is sentenced under division (G)(1) of section 2929.13 of the Revised Code, subject to division (D) of this section, a term of up to one year in a jail less the mandatory term of local incarceration of sixty or one hundred twenty consecutive days of imprisonment imposed pursuant to that division;

(4) A term in a halfway house;

(5) A term in an alternative residential facility.

R.C. 2929.16(A).

{¶14} Here, the trial court sentenced Fuller to 12 months at CCNO, a regional jail, on Count Three, as amended. Under R.C. 2929.16(A)(2), the maximum jail term the trial court could have imposed was 6 months. Because the trial court's jail sentence on Count Three exceeded the maximum allowed jail term, it is contrary to law. *See State v. Snyder*, 3d Dist. Seneca No. 13-11-37, 2012-Ohio-3069, ¶ 21. Therefore, we sustain Fuller's first assignment of error, reverse the trial court's sentence on Count Three,[3] and remand for resentencing.[4]

---

[3] Fuller has not assigned error challenging the trial court's sentence on Count Four, and we do not address it in this Opinion.

[4] The trial court's judgment entry containing its 12-month jail sentence on Count Three did not state that it was a community-control sanction, although the trial court stated at the sentencing hearing that it sentenced Fuller to 12 months in jail "under community control." (Doc. No. 44); (May 6, 2013 Tr. at 20, 22). In addition, the trial court's imposition of consecutive sentences for Counts Three and Four and its findings concerning jail-time credit were contained in a subsequent, separate judgment entry, rather than a nunc pro tunc entry. (Doc. No. 46). These are issues that the trial court may remedy upon resentencing. *See* Crim.R. 32(C).

{¶15} Finally, the parties differ in their opinions as to the applicability of R.C. 2929.13(B)(1)(a) and whether the trial court was required to sentence Fuller to a 12-month community-control sanction. Because we are remanding for resentencing, we need not address this issue.

## Assignment of Error No. III

**The trial court erred by not granting appellant jail time credit in accordance with Ohio Revised Code sections 2949.08 and 2967.191.**

{¶16} In his third assignment of error, Fuller argues that the trial court erred by not reducing his jail sentence by the amount of his pretrial confinement. Specifically, Fuller argues that R.C. 2949.08 and 2967.191 required the trial court to reduce his sentence and that by awarding him jail-time credit for potential prison time he might serve if he violates the terms of his community-control sentence on Count Four, the trial court violated the Double Jeopardy Clause and the rule of lenity.

{¶17} As with Fuller's first assignment of error, we apply a clear-and-convincing standard of review to the trial court's decision concerning jail-time credit relative to the sentence it imposed on Fuller. That is, we examine whether Fuller has demonstrated by clear and convincing evidence that the trial court failed to properly award him jail-time credit pursuant to R.C. 2949.08 and 2967.191. *See*

*Ramos*, 2007-Ohio-767, at ¶ 23; *Rhodes*, 2006-Ohio-2401, at ¶ 4; *Tyson*, 2005-Ohio-1082, at ¶ 19.

{¶18} The trial court sentenced Fuller to a 12-month jail term as part of his community control for Count Three but did not award him jail-time credit for that sentence. Rather, the trial court said that jail-time credit would be given to Fuller if he violated his community control and was sentenced to prison as a result. We conclude that the trial court erred by awarding jail-time credit in this manner.

{¶19} Fuller cites two statutes in support of his argument that the trial court was required to reduce his jail sentence: R.C. 2967.191 and 2949.08. R.C. 2967.191 governs jail-time credit for prison terms and provides that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." *See State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 37. Under R.C. 2967.191, a defendant is entitled to jail-time credit only for confinement that is related to the offense for which he or she is being sentenced. *Id.*, citing *State v. Duaghenbaugh*, 3d Dist. Wyandot No. 16-09-05, 2009-Ohio-3823, ¶ 18. "Accordingly, a defendant is not entitled to jail-time credit for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based." *Id.*, citing *Duaghenbaugh* at ¶ 18.

"While the Adult Parole Authority has the duty to grant jail time credit, the trial court has the duty to properly calculate the number of days to be credited." *State v. Eaton*, 3d Dist. Union No. 14-04-53, 2005-Ohio-3238, ¶ 9.

{¶20} The other statute Fuller cites is R.C. 2949.08. That statute governs jail-time credit for terms of incarceration in jail and provides, in relevant part:

(A) When a person who is convicted of or pleads guilty to a felony is sentenced to a community residential sanction in a community-based correctional facility pursuant to section 2929.16 of the Revised Code or when a person who is convicted of or pleads guilty to a felony or a misdemeanor is sentenced to a term of imprisonment in a jail, the judge or magistrate shall order the person into the custody of the sheriff or constable, and the sheriff or constable shall deliver the person with the record of the person's conviction to the jailer, administrator, or keeper, in whose custody the person shall remain until the term of imprisonment expires or the person is otherwise legally discharged.

(B) The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper

under this section. The record shall be used to determine any reduction of sentence under division (C) of this section.

(C)(1) If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, confinement while awaiting transportation to the place where the person is to serve the sentence, and confinement in a juvenile facility.

*See State v. Ward*, 16 Ohio App.3d 276 (12th Dist.1984), paragraph one of the syllabus ("Pursuant to R.C. 2949.08, a trial court has the duty to certify to a jailer the number of days a defendant was confined while awaiting bail and the jailer must give the defendant credit for that time in determining the date of release from confinement following conviction."). *See also State v. Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶ 8, citing *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 6. Similar to R.C. 2967.191, R.C. 2949.08 applies

to confinement "for any reason arising out of the offense for which the person was convicted and sentenced * * *." R.C. 2949.08(B).

**{¶21}** Here, the trial court awarded Fuller jail-time credit toward a prison sentence that may or may not be imposed in the future, while at the same time sentencing Fuller to a definite jail term and not awarding him jail-time credit for that term.[5] Awarding jail-time credit has its roots in the Equal Protection Clauses of the United States and Ohio Constitutions and is now governed by statute in Ohio. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7-8; *Smiley* at ¶ 8, citing R.C. 2967.191 and 2949.08. The overall objective of awarding jail-time credit is to comply with the requirements of equal protection by reducing the total time that offenders spend in prison or jail after sentencing by an amount equal to the time that they were previously held. *See Smiley* at ¶ 7-8, citing *Hargrove* at ¶ 6. *See also Fugate* at ¶ 11.

**{¶22}** By imposing a definite jail term but awarding Fuller's jail-time credit toward a prison sentence that may or may not be imposed in the future, the trial court failed to comply with the requirements of equal protection. The trial court acknowledged that it "didn't impose prison" on Fuller and referred to the 12-month prison term following a community-control violation as a "reserve prison term." (May 6, 2013 Tr. at 22); (Doc. No. 46). "The purpose of the community

---

[5] Although we reversed the trial court's 12-month jail sentence on Count Three, for purposes of resolution of Fuller's third assignment of error, we assume the imposition of a definite jail sentence.

control statute [ ] is not to *sentence* a defendant to a specific prison term and then suspend or reserve that prison term, the purpose is to *notify* a defendant of a specific prison term that a defendant will receive *if* he violates community control," although using the term "reserve" does not itself create an error in sentencing. (Emphasis sic.) *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 25-29.

**{¶23}** The 12-month prison term following a community-control violation is not part of the trial court's sentence. "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, ¶ 35. Therefore, the trial court awarded jail-time credit for a prison term to which it did not sentence Fuller, while at the same time imposing a definite jail term with no jail-time credit. If Fuller does not violate community control, the total time that he spends in jail or prison after sentencing will not be reduced by an amount equal to the time that he was previously confined, so the trial court's decision concerning jail-time credit does not comply with the requirements of equal protection. *See Fugate* at ¶ 11. For these reasons, the trial court erred.

{¶24} For the reasons above, we hold that when a trial court sentences a defendant to a definite jail term as part of community control on one felony count and to nonresidential community-control sanctions on a second felony count, the trial court must award earned jail-time credit on the definite jail term.

{¶25} In its brief, the State argues only that Fuller was sentenced to jail in this case, and R.C. 2967.191 applies to "prison terms," not jail terms. However, the State does not address R.C. 2949.08, nor does it address the equal-protection implications of the trial court's decision.

{¶26} Therefore, we sustain Fuller's third assignment of error, reverse the trial court's decision concerning jail-time credit, and remand for resentencing.

**Assignment of Error No. II**

**The trial court erred by imposing the maximum sentence for a felony of the fifth degree.**

{¶27} In his second assignment of error, Fuller argues that the trial court erred by not considering the purposes and principles for felony sentencing set forth in R.C. 2929.11 and the factors relating to the seriousness of the offense and the recidivism of the offender under R.C. 2929.12 when the trial court sentenced him to a 12-month jail term.

{¶28} In light of our decision to reverse the judgment of the trial court and remand for resentencing, Fuller's second assignment of error has been rendered moot, and we decline to address it. App.R. 12(A)(1)(c).

{¶29} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**