[Cite as *State v. Bloom*, 2022-Ohio-3604.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

DIRK BLOOM,

    DEFENDANT-APPELLANT.

CASE NO. 3-22-17

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 21-CR-0386

Judgment Reversed and Cause Remanded

Date of Decision: October 11, 2022

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Dirk A. Bloom ("Bloom") brings this appeal from the judgment of the Common Pleas Court of Crawford County finding him guilty of possession of heroin and sentencing him to ten months in prison. Bloom argues on appeal that the trial court 1) failed to comply with Criminal Rule 11 when accepting his plea and 2) failed to properly address jail time credit. For the reasons set forth below, the judgment is reversed.

{**¶2**} On November 12, 2021, the Crawford County Grand Jury indicted Bloom on one count of possession of heroin in violation of R.C. 2925.11(A), (C)(6)(a), a felony of the fifth degree. Doc. 1. On April 13, 2022, Bloom changed his plea from not guilty to guilty. Doc. 19. At the change of plea hearing, the trial court advised Bloom that by pleading guilty, he was waiving the right to have a full jury trial, the right to cross-examine witnesses, the right to subpoena witnesses, the right to remain silent, and the right to a unanimous verdict by a jury before being found guilty. Tr. 9-10. No discussion was had regarding the burden of proof that the State would have to meet. The trial court accepted Bloom's plea and found him guilty. Tr. 11. The trial court then sentenced Bloom immediately.

{**¶3**} Bloom appeals from this judgment and raises the following assignments of error.

## First Assignment of Error

**Because the trial court failed to comply with the mandatory advisements of constitutional rights under Criminal Rule 11(C)(2)(c), the plea of guilty herein was not knowingly, intelligently and voluntarily given and must be vacated and this matter remanded to the trial court for further proceedings.**

## Second Assignment of Error

**The trial court failed to, at the time of the sentencing hearing, address and determine whatever jail time credit the Defendant is entitled to is error which dictates the sentence imposed must be vacated and the matter remanded to the trial court for further proceedings as to sentencing.**

{¶4} In the first assignment of error Bloom claims that the trial court erred by failing to properly advise him of his constitutional rights as required by Criminal Rule 11(C). This Court notes that the State concedes that the trial court erred and that the plea must be vacated.

> **(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest,** *and shall not accept a plea of guilty* **or no contest without first addressing the defendant personally and doing all of the following.**
>
> **＊ ＊ ＊**
>
> **(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and** *to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial* **at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C) (emphasis added).

{¶5} The Ohio Supreme Court has held that "the duty to advise the defendant of the right to have guilt proven by the state beyond a reasonable doubt is among the duties of Crim.R. 11(C)(2)(c) with which the court must strictly comply." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 21, 897 N.E.2d 621. The failure of the trial court to orally inform a defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy renders the plea invalid. *Id*. at ¶ 29. The matter must then be remanded to the trial court for further proceedings. *Id*. at ¶ 30. The Ohio Supreme Court recently reaffirmed this requirement and held that the failure to strictly comply with Crim.R. 11(C)(2)(c) "amounts to plain error" and "cannot be deemed harmless." *State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, ¶ 13, 16, 151 N.E.3d 617 and *State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, ¶ 12, 180 N.E.3d 1074.

{¶6} Here, the trial court failed to advise Bloom of his right to require the state prove his guilt beyond a reasonable doubt as is required by Criminal Rule 11 (C)(2)(c). Pursuant to the holdings of the Ohio Supreme Court in *Veney, Miller,* and *Brinkman*, the failure to strictly comply is reversible error and renders the plea invalid. The first assignment of error is sustained.

{¶7} Bloom claims in his second assignment of error that the trial court erred in determining the amount of time served. Having found that the plea is invalid, the

remaining assignment of error is moot.[1]  *State v. Blair*, 3d Dist. Paulding Nos. 11-19-01, 11-19-02, 2019-Ohio-4308.  Thus, this court will not address it at this time. App.R. 12(A)(1)(c).

{¶8} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Crawford County is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**

---

[1] Although this Court is not ruling on this assignment of error at this time, we note that we have previously addressed this issue in *State v. Foust*, 3d Dist. Crawford No. 3-21-27, 2022-Ohio-3187.