[Cite as *State v. Godsey*, 2022-Ohio-3871.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO. 1-22-25

    v.

DRAYVONTE M. GODSEY,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2018 0468

Judgment Affirmed

Date of Decision: October 31, 2022

APPEARANCES:

    *Thomas J. Lucente, Jr.* for Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Drayvonte M. Godsey ("Godsey"), appeals the judgment entry of sentencing of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from a traffic stop in Lima, Allen County, Ohio, wherein Godsey (a passenger in the vehicle) was found in possession of drugs and a gun.[1]

{¶3} On November 15, 2018, the Allen County Grand Jury indicted Godsey on: Count One for possession of heroin in violation of R.C. 2925.11(A), (C)(6)(a), a fifth-degree felony; Count Two for aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count Three for possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony. On November 28, 2018, Godsey appeared for arraignment and entered pleas of not guilty.

{¶4} On March 13, 2020, Godsey withdrew his pleas of not guilty and entered guilty pleas, under a written-plea agreement. Specifically, in exchange for his guilty pleas to the indictment in case number CR 2018 0468 (hereafter "0468"), the State agreed to *dismiss* all counts related to case number CR 2018 0372

---

[1] Godsey was indicted on gun-related charges in case number CR 2018 0372 arising out of the same facts and circumstances herein. However, that record is not before us on appeal.

(hereafter "0372"). The trial court accepted Godsey's guilty pleas and dismissed case number 0372.

{¶5} On June 10, 2020, the trial court ordered Godsey to a three-year term of community control under each count in case number 0468.

{¶6} On February 24, 2022, the State filed a motion for revocation of Godsey's community control because Godsey failed to report for his intensive-probation-supervision appointments. On March 7, 2022, the trial court determined that Godsey violated the terms and conditions of his community control.

{¶7} Then, on April 4, 2022, the trial court terminated Godsey from community control and sentenced him to 9-month prison terms on Counts One, Two, and Three. Next, the trial court ordered the prison term under Count One to be served consecutively to Count Two and that Counts One and Two be run concurrently to Count Three for an aggregate sentence of 18 months. Godsey received 166 days jail-time credit in the instant case.

{¶8} Godsey filed a timely notice of appeal and raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Committed Plain Error When It Failed To Grant The Proper Number Of Days Of Jail-Time Credit.**

{¶9} In his assignment of error, Godsey argues that the trial court erred by failing to give him the proper jail-time credit. Specifically, Godsey asserts that he

is entitled to receive credit for additional jail time calculated under the case that was *dismissed* arising from the same facts and circumstances as his conviction case.

*Standard of Review*

{¶10} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶11} Initially, we note that there were no terms in the plea agreement addressing jail-time credit. Consequently, we review the statutory scheme to determine what jail-time credit, Godsey is entitled to receive. Importantly, R.C. 2967.191 governs a criminal defendant's entitlement to jail-time credit, and states in its pertinent parts:

> (A) The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason *arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's

competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

(B)   The reductions described in division (A) of this section shall be made to the following prison terms, as applicable:

(1)   The definite prison term of a prisoner serving a definite prison term as a stated prison term;

(2)   The minimum and maximum term of a prisoner serving a non-life felony indefinite prison term as a stated prison term;

(3)   The minimum and maximum term or the parole eligibility date of a prisoner serving a term for which there is parole eligibility.

(Emphasis added.)  R.C. 2967.191(A)-(B).  Put more plainly–under R.C. 2967.191, a criminal defendant is entitled to jail-time credit only when it is related to the offense for which he is being *sentenced*.  *State v. Dailey*, 3d Dist. Logan No. 8-10-01, 2010-Ohio-4816, ¶ 25, citing *State v. Daughenbaugh*, 3d Dist. Wyandot No. 16-09-05, 2009-Ohio-3823, ¶ 18.  Therefore it follows that "[a criminal] defendant is not entitled to jail[-] time credit under R.C. 2967.191 for any period of incarceration that arises from facts separate and apart from those on which the

current sentence is based." *State v. Lynn*, 3d Dist. Van Wert No. 15-06-16, 2007-Ohio-3344, ¶ 8, citing *State v. Logan*, 71 Ohio App.3d 292, 300 (10th Dist.1991).

{¶12} Even though the Department of Rehabilitation and Correction has the duty to reduce the prison term of a prisoner as noted above, "the trial court has the duty to properly calculate the number of days to be credited." *State v. Pitts*, 3d Dist. Allen No. 1-06-106, 2007-Ohio-5197, ¶ 15, quoting *State v. Eaton*, 3d Dist. Union No. 14-04-53, 2005-Ohio-3238, ¶ 9. *See also*, *Dailey* at ¶ 24. The trial court's duty arises from R.C. 2929.19(B)(2)(g)(i), and provides in its pertinent parts:

> (2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall* do all of the following:
>
> * * *
>
> (g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising *out of the offense for which the offender is being sentenced* and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term or, if the offense is an offense for which a non-life felony indefinite prison term is imposed under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code, the minimum and maximum prison terms imposed on the offender as part of that non-life felony indefinite prison term, under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

(Emphasis added.)

**{¶13}** Here, it is undisputed that all offenses indicted under case number 0372 arose out of the same facts and circumstances as the instant case. Moreover, it is also undisputed that all of the criminal charges indicted in case number 0372 were *dismissed* pursuant to plea negotiations. Consequently, and notwithstanding that those offenses arose out of the same facts and circumstances, Godsey was never *convicted and sentenced* on *any* offense in case number 0372. Thus, Godsey was not entitled to any determination or notification by the trial court of the jail-time credit under case number 0372 (at his sentencing hearing in case number 0468) nor should the trial judge have included any jail-time credit from case number 0372 time in the judgment entry related to case number 0468. Moreover, the record before us is limited to case number 0468, which does not support the jail days from case number 0372 of which Godsey claims he is entitled to credit.

**{¶14}** Thus, we conclude that Godsey has not established that the trial court erred in its determination of the amount of jail-time credit that he was entitled to under case number 0468. Accordingly, Godsey's sole assignment of error is overruled.

**{¶15}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**
**/jlr**