[Cite as *State v. Bloom*, 2023-Ohio-2534.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 3-23-01

    v.

DIRK BLOOM,                          O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Crawford County Common Pleas Court
Trial Court No. 21-CR-0386

Judgment Affirmed

Date of Decision: July 24, 2023

---

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Daniel J. Stanley* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Dirk Bloom ("Bloom"), brings this appeal from the December 5, 2022 judgment of the Crawford County Court of Common Pleas in which Bloom was convicted of possessing heroin and sentenced to eight months in prison. On appeal, Bloom argues that the trial court erred in its calculation of the jail-time credit due Bloom at the time of sentencing. For the reasons that follow, we affirm.

*Procedural History*

{¶2} This case originated on November 12, 2021, when the Crawford County Grand Jury returned an indictment charging Bloom with one count of Possession of Heroin, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(6)(a). On November 22, 2021, an arraignment was held and Bloom entered an initial plea of not guilty.

{¶3} On April 13, 2022, a change of plea hearing was held. At that time, Bloom entered a plea of guilty to the indictment. The trial court accepted Bloom's guilty plea and a sentencing hearing was held that same date. Bloom was sentenced to ten months in prison, and to an additional 300 days in prison due to the crime also being a post-release control ("PRC") violation, to be served consecutively. In the sentencing entry filed on April 13, 2022, the trial court ordered that Bloom be granted 35 days of jail-time credit.

{¶4} On May 9, 2022, Bloom filed a direct appeal. In that appeal, *State v. Bloom*, 3d Dist. Crawford No. 3-22-17, 2022-Ohio-3604, this Court found that Bloom's guilty plea was invalid due to the trial court's failure to fully comply with the dictates of Crim.R. 11 at the time Bloom entered the guilty plea. This Court therefore reversed the judgment of the trial court and remanded the matter for further proceedings. *Id*.

{¶5} On remand, another change of plea hearing was held on December 5, 2022. At that time, Bloom again entered a plea of guilty to the sole count of the indictment, which the trial court accepted. The matter then proceeded directly to sentencing and Bloom was sentenced to eight months in prison and to an additional, consecutive 180 days for the PRC violation. In the sentencing entry filed on December 5, 2022, the trial court ordered that Bloom be granted 80 days of jail-time credit.

{¶6} On December 6, 2022, the trial court filed a nunc pro tunc judgment entry. In that entry, the trial court noted that, as had been discussed on the record at the sentencing hearing, Bloom was entitled to not only the 80 days of jail-time credit but was also entitled to credit towards his sentence for the prison time he had previously served in the case. The trial court noted that the December 5th sentencing entry had failed to mention the prison-time credit. Therefore, the trial court ordered that Bloom also be granted credit for all prior prison time served in the case, with

the prison-time credit to be calculated by the Ohio Department of Rehabilitation and Correction, pursuant to law.

{¶7} On January 3, 2023, Bloom filed the instant appeal.

**Assignment of Error**

**The trial court failed in its obligation to calculate jail time credit for the Defendant-Appellant as to all days he was held during the case. As a result, this matter must be reversed and remanded for resentencing.**

{¶8} In the sole assignment of error, Bloom asserts that the trial court erred in its calculation of jail-time credit at the time of the sentencing hearing on December 5, 2022. Bloom offers no actual calculation or detailed analysis of the time he spent in local custody to support his assignment of error; rather, Bloom merely asserts that "the record herein is sufficiently convoluted that it is unclear whether proper jail time credit has been given or whether the trial court did its duty as required under statute to do such a calculation."

{¶9} "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. In Ohio, "[t]he General Assembly provides for jail-time credit in R.C. 2967.191(A) for those sentenced to prison." *State v. Reed*, 162 Ohio St.3d 554, 2020-Ohio-4255, ¶ 14.

{¶10} R.C. 2967.191(A) provides, in relevant part:

The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner * * * by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶11} The specific duty of a trial court to include jail-time credit in any sentence involving the imposition of prison time is set forth in R.C. 2929.19(B)(2)(g)(i), which provides:

(B)(2) * * * [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.

5

**{¶12}** Ohio Adm. Code 5120-2-04 provides further guidance as to the division of the responsibilities imposed by the statutes cited above, and provides in pertinent part:

> (A)  The department of rehabilitation and correction shall reduce * * * the stated prison term of an offender by the total number of days specified by the sentencing court in the sentencing entry as required by division (B)(g)(i) of section 2929.19 of the Revised Code; by the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the department, and by the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the offender was convicted and sentenced as determined by section 2967.191 of the Revised Code.
>
> (B)  The sentencing court determines the amount of time the offender served locally before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and include this information within the sentencing entry as required by 2929.19(B)(f)(i).

**{¶13}** We also note that R.C. 2929.19(B)(2)(g)(iv) specifically provides "[a]n inaccurate determination" of jail-time credit at sentencing "is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable." See, also, *State v. Webb*, 3d Dist. Hancock No. 5-22-13, 2023-Ohio 677, ¶ 14.

**{¶14}** Finally, this Court has determined that we apply a clear and convincing standard of review to a trial court's decision concerning jail-time credit. See, *e.g.*, *State v. Godsey*, 3d Dist. Allen No.1-22-25, 2022-Ohio-3871, ¶ 10; *State*

6

*v. Fuller*, 3d Dist. Henry No. 7-13-06, 2013-Ohio-5661, ¶ 17. In so doing, we examine whether the defendant-appellant has demonstrated by clear and convincing evidence that the trial court failed to properly award jail-time credit pursuant to the governing statutes. *Fuller*, *supra*, at ¶ 17. Even in the absence of an objection by a defendant at the time of sentencing to the trial court's calculation of jail time, a trial court's failure to properly calculate a felony offender's jail-time credit and to include the amount of jail-time credit in the sentencing judgment entry is plain error. See *State v. Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, ¶ 84.

{¶15} In the instant case, Bloom did not object to the trial court's calculation of jail-time credit at the time of sentencing and, in fact, defense counsel noted on the record that the defense agreed with the jail-time credit calculation of 80 days. Accordingly, we review the trial court's award of jail-time credit only for plain error.

{¶16} The record reflects that Bloom was initially arrested on the warrant on the indictment on November 21, 2021. (Docket No. 8). On November 22, 2021, a surety bond in the amount of $5000.00 was posted. (Docket No. 5). Bloom then remained out on bond until sometime in early March of 2022.

{¶17} On March 8, 2022, the trial court issued an assignment notice for a "Bond Forfeiture Status Hearing" that was scheduled for May 18, 2022. (Docket No. 13). Also on March 8, 2022, the trial court filed a judgment entry revoking bond

and issuing a warrant for Bloom's arrest, due to Bloom's failure to appear at a pretrial on March 7, 2022. (Docket No. 14). Then, on March 10, 2022, the trial court filed a judgment entry setting bond at $50,000.00. (Docket No. 15). On March 15, 2022, the trial court filed a judgment entry vacating the previously scheduled Bond Forfeiture Status Hearing, noting that the defendant had been apprehended. (Docket No. 16). Also on March 15, 2022, the trial court filed a judgment entry recalling the bench warrant that had been issued on March 8th, noting that Bloom had appeared in court with counsel on March 10th and "[t]herefore, the reason for the issuance of a warrant for arrest has been rendered moot." (Docket No. 17). Based on all of that information, it appears that Bloom was taken into custody no earlier than March 10, 2022, at which time the trial court set bail at a higher amount, due to Bloom's failure to appear for the pretrial on March 7th.

{¶18} After being taken into custody on or about March 10, 2022, Bloom did not post bond and remained in custody until the initial change of plea and sentencing hearing on April 13, 2022.

{¶19} On April 18, 2022, Bloom was conveyed to prison and began serving his original 10-month sentence.[1] (Docket No. 22). He was still in the custody of the Ohio Department of Rehabilitation and Correction on October 11, 2022, the date on

---

[1] Pursuant to Ohio Adm. Code 5120-2-04, *supra*, the time in local custody from the date of sentencing until the date of conveyance to prison is to be calculated and credited to a defendant by the department of rehabilitation and correction, not the trial court.

which this Court reversed Bloom's conviction and sentence in the initial direct appeal.

**{¶20}** On October 17, 2022, the trial court filed a judgment entry ordering that Bloom be immediately released from prison, and further ordering that Bloom appear for a pretrial on October 26, 2022. (Docket No. 38). In that entry, the trial court noted that it was ordering Bloom's immediate release directly from prison because Bloom's conviction and sentence had been reversed on appeal on October 11th, but that the Crawford County Sheriff's Office had been unable to transport Bloom from prison back to local custody within a reasonable time. (*Id*.).

**{¶21}** On October 27, 2022, the trial court filed a judgment entry fixing bond at $25,000.00. (Docket No. 39). From that, we deduce that Bloom was taken into custody at or just after the October 26th pretrial, although the docketed record is not entirely clear on the exact date of arrest.[2] Bloom then remained in local custody until the change of plea and sentencing hearing on December 5, 2022, at which time the trial court ordered that Bloom be granted 80 days of jail-time credit.

**{¶22}** Thus, while the docket may lack direct documentation as to precisely what date Bloom was taken into custody in one or two instances, it can still be calculated that Bloom had served no more than 78 days of local incarceration for which he was due credit at sentencing on December 5, 2022.

---

[2] Based on statements made by Bloom on the record at the sentencing hearing, he agrees that October 26th was the date he was re-arrested after his release from prison. (12/5/22 Tr., p. 38).

9

**{¶23}** As the trial court awarded 80 days of jail-time credit to Bloom as of that date, and because Bloom on appeal has failed to demonstrate that he spent any time in local custody over and above 80 days for which he was granted credit, we cannot find that plain error occurred in this case with respect to the jail-time credit. We therefore overrule the sole assignment of error.

**{¶24}** Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**